UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MARIA LOJA, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                                Plaintiff,                         **COMPLAINT**

               -against-                             **Docket No.: 18-cv-6190**

JASCO DESIGNS, INC.,                           Jury Trial Demanded

                            Defendant.
-------------------------------------------------------------------------------X

      MARIA LOJA, on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs" as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against JASCO DESIGNS, INC., ("Jasco" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

      1.      This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employees receive one hour's pay at the minimum wage for any day in which the spread of hours exceeds ten, NYLL § 652(1); 12 NYCRR § 142-2.4; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific

1

categories of accurate information upon hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendant - - a Brooklyn-based wholesale jewelry manufacturer and distributor - - from in or around August 2005 to in or around August 2010 and then from in or around August 2015 until January 6, 2017.

3.      On March 9, 2017, Plaintiff and Defendant entered into the first of a series of written agreement to toll the statute of limitations for all of Plaintiff's claims arising under, *inter alia*, the FLSA, the NYLL, and the NYCRR, with the most recent version operating to toll the statute of limitations for all of Plaintiff's claims from February 13, 2017 through September 30, 2018.

4.      Thus, as is relevant herein, for the entirety of Plaintiff's second period of employment with Defendant from August 2015 to January 6, 2017, (the "Relevant Time Period"), Defendant paid Plaintiff on an hourly basis, required Plaintiff to routinely work, and Plaintiff did in fact work, in excess of forty hours each week, or virtually each week, but pursuant to its company policy, only paid Plaintiff her overtime rate of one-and-one-half times her straight-time rate for all hours that she worked each week after forty-two, and not for all hours worked after forty as the FLSA and NYLL require.

5.      Defendant also violated the NYLL by failing to provide Plaintiff with: one hour's pay at the minimum wage for any day in which the spread of hours worked exceeded ten; accurate wage statements on each payday; and any wage notice at hire.

6.      Defendant paid and treated all of its hourly employees in the same manner.

7.      Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually,

and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings her claims under the NYLL and supporting regulations on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

8.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

9.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within this judicial district, and 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

11.     At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12.     At all relevant times herein, Defendant was and is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 63 Flushing Avenue, Unit 290, Brooklyn, New York 11205. Defendant is registered

with the New York State Department of State to receive service c/o Ira Siegman at Building 5,

Mezzanine B, Brooklyn Navy Yard, Brooklyn, New York 11205.

13.    At all relevant times herein, Defendant was and is an "employer" within the

meaning of the FLSA, NYLL, and NYCRR.  Additionally, Defendant's qualifying annual business

exceeded and exceeds $500,000, and Defendant was and still is engaged in interstate commerce

within the meaning of the FLSA as it employed and still employs two or more employees, buys

materials and goods from vendors in states other than New York for use in its business, such as

metals and precious stones for jewelry, and after assembling the jewelry, sells and ships the

finished items to customers within and outside of New York.

## COLLECTIVE ACTION ALLEGATIONS

14.    Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime

compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29

U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following

collective:

> Current and former hourly employees, who during the applicable
> FLSA limitations period, performed any work for Defendant, and
> who consent to file a claim to recover damages for overtime
> compensation, as well as liquidated damages, which are legally due
> to them ("FLSA Plaintiffs").

15.    Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all

FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required one and one-half times their respective regular rates of pay for all hours worked per

workweek in excess of forty.

16.     At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.  Thus, all FLSA Plaintiffs are victims to Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**RULE 23 CLASS ALLEGATIONS**

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on the behalf of those who are similarly-situated whom, during the applicable limitations period, Defendant also subjected to violations of the NYLL and the NYCRR.

18.     Under FRCP 23(b)(3), Plaintiff must plead that:

    a.   The class is so numerous that joinder is impracticable;

    b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.   Claims or defenses of the representative are typical of the class;

    d.   The representative will fairly and adequately protect the class; and

    e.   A class action is superior to other methods of adjudication.

19.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former hourly employees of Defendant who, at any time during the applicable NYLL limitations period, performed any work for Defendant within the State of New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

20.     During the applicable NYLL statutory period Defendant has, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

21.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 Class, including but not limited to the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked and work in excess of forty hours per week; (4) whether Defendant failed or fails to pay Rule 23 Plaintiffs at the statutorily required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a workweek; (5) whether Defendant failed and fails to pay Rule 23 Plaintiffs one extra hour's pay at the minimum wage when the spread of hours in a workday exceeds ten; (6) whether Defendant furnished and furnishes Rule 23 Plaintiffs with accurate wage statements on each payday containing the information that NYLL § 195(3) requires; (7) whether Defendant furnished and furnishes Rule 23 Plaintiffs with accurate wage notices upon hire containing the information that NYLL § 195(1) requires; (8) whether Defendant kept and maintained accurate records of hours that Rule 23 Plaintiffs worked; (9) whether Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs; (10) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (12) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22.     As described in the "Background Facts" section below, Defendant employed and/or

employs Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are

typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs

work and/or have worked for Defendant as hourly employees, and Defendant failed and fails to:

(1) pay them overtime pay at one and one-half times their straight-time wage for all hours worked

in a week over forty; (2) pay them one hour's pay at the minimum wage when the spread of hours

in a workday exceeds ten; (3) provide them with accurate wage statements on each payday; and

(4) provide them with accurate wage notices upon hire.

23.     Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a

result of Defendant's failure to comply with the NYLL and the NYCRR.  Plaintiff and Rule 23

Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to

Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or

Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or

Defendant's defenses to those claims.

Adequacy

24.     Plaintiff, as described below, worked the same or similar hours as the Rule 23

Plaintiffs throughout her employment with Defendant.  Defendant did not pay Plaintiff at the

statutorily required rate of one and one-half times her regular hourly wage for all hours worked

over forty in a week, did not pay Plaintiff one hour's pay at the minimum wage when the spread

of hours in a workday exceeded ten, did not furnish Plaintiff with accurate wage statements on

each payday, and did not furnish Plaintiff with an accurate wage notice upon hire, which is

substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs.  Plaintiff fully

anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

25.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

26.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27.     Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for these same violations.  Thus, separate litigation would risk inconsistent results.

28.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29.     Defendant is a Brooklyn-based wholesale jewelry manufacturer and distributer that caters to large retailers such as Macy's.

30.     Defendant employed Plaintiff to work as an hourly employee, most recently, as is relevant herein, from in or around August 2015 until January 6, 2017.  Plaintiff worked as a packer at 63 Flushing Avenue, Unit 290, Brooklyn, New York 11205, in which capacity Plaintiff's primary duties consisted of sorting finished jewelry into packages that were then shipped to retailers.

31.     From the beginning of the Relevant Time Period until on or about December 30, 2015, Defendant paid Plaintiff a straight-time rate of $8.75 per hour and an overtime rate of $13.12 per hour for hours worked in excess of forty-two per week.  From on or about December 31, 2015 until on or about December 30, 2016, Defendant paid Plaintiff a straight-time rate of $9.00 per hour and an overtime rate of $13.50 per hour for hours worked in excess of forty-two per week. From on or about December 31, 2016 until January 6, 2017, Defendant paid Plaintiff a straight-time rate of $11.00 per hour and an overtime rate of $16.50 per hour for hours worked in excess of forty-two in that week.  Thus, Defendant paid Plaintiff at her straight-time rate for hours forty to forty-two during each week of work.

32.     Throughout at least the Relevant Time Period, Defendant usually required Plaintiff to work, and Plaintiff did work, five or six days a week, from 8:00 a.m. to 4:00 or 5:00 p.m. each day, Monday through Friday, and sometimes from 8:00 a.m. to 5:00 p.m. on Sunday, for a total of between thirty-seven and one-half and fifty-one hours per week.  Plaintiff usually received a thirty-minute lunch break each day.  Additionally, on occasions when retailers needed increased products, which occurred on average of at least three times per month especially around certain holidays, Defendant required Plaintiff to work, and Plaintiff did work, from 8:00 a.m. to as late as between 8:00 p.m. and 10:00 p.m.  Thus, during those weeks, Plaintiff worked as many as sixty-six hours in a week.

33.     By way of example only, during the week of November 7 through November 13, 2016, Defendant required Plaintiff to work, and Plaintiff did work, 57.08 hours in that week, but Defendant paid Plaintiff at her overtime rate of $13.50 per hour only for her time worked that week in excess of forty-two hours.

34.     By way of second example only, during the week of December 5 through December 11, 2016, Defendant required Plaintiff to work, and Plaintiff did work, 43.30 hours in that week, but Defendant paid Plaintiff at her overtime rate of $13.50 per hour only for her time worked that week in excess of forty-two hours.

35.     Additionally, on those occasions during the Relevant Time Period when Defendant required Plaintiff to work and Plaintiff did work a shift over ten hours from beginning to end, Defendant did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate.

36.     By way of example only, on October 8, 2015, Plaintiff worked from 8:00 a.m. to 7:00 p.m., and thus worked a shift longer than ten hours from beginning to end.  However, Defendant failed to pay Plaintiff an additional hour of pay at the minimum wage for that day.

37.      Defendant paid Plaintiff on a weekly basis.

38.     On each occasion when it paid Plaintiff during the Relevant Time Period, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her straight and overtime rates of pay for all hours worked for that computed at the proper rates of pay for every hour worked.

39.     Moreover, upon hiring Plaintiff for the second time in or about August 2015, Defendant failed to provide Plaintiff with any wage notice, let alone one that accurately contained, *inter alia*, Plaintiff's rates of pay and basis thereof, whether Plaintiff was to be paid by the hour, shift, day, week, salary, piece, commission, or other, any allowances claimed, or the regular pay day on which Plaintiff would be paid.

40.     Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41.    Defendant acted in this manner to maximize its profits and minimize its labor costs and overhead.

42.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

43.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45.    As described above, Defendant is and employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

47.    Defendant willfully violated the FLSA.

48.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCRR*

50.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52.    As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

53.    As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

54.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

56.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     NYLL § 652 and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

58.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

59.     As also described above, Defendant failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with spread of hours pay when their spread of hours exceeded ten hours for a particular workday.

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to this extra hour of pay, at the minimum wage rate, for all days in which their spread of hours exceeded ten from beginning to end.

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's failure to pay the required spread of hours pay.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

62.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

64.    As described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing all of the criteria required under the NYLL.

65.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

66.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Notice in Violation of the NYLL*

67.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

69.    As described above, Defendant failed to provide Plaintiff, Rule 23 Plaintiffs, and

any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone an accurate

wage notice containing all of the criteria enumerated under the NYLL.

70.    Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to

Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of

$50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

71.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable

to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of

$50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

72.    Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand

a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment

against Defendant as follows:

a.  A judgment declaring that the practices complained of herein are unlawful and in

willful violation of the aforementioned United States and New York State Laws;

b.  Preliminary and permanent injunctions against Defendant and its officers, owners,

agents, successors, employees, representatives, and any and all persons acting in concert with

them, from engaging in each of the unlawful practices, policies, customs, and usages set forth

herein;

c.  An order restraining Defendant from any retaliation against Plaintiff, FLSA

Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.  Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.  Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.  All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

g.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs and expenses, and an award of a service payment to Plaintiff;

i.  Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

j.  Pre-judgment and post-judgment interest, as provided by law; and

k.   Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated:  Great Neck, New York
        November 2, 2018

                                        Respectfully summited,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        910 Franklin Avenue, Suite 200
                                        Garden City, New York 11530
                                        Tel. (516) 248-5550
                                        Fax. (516) 248-6027


                        By:    _____
                                        DONG PHUONG V. NGUYEN (DN 7326)
                                        ALEXANDER T. COLEMAN (AC 8151)
                                        MICHAEL J. BORRELLI (MB 8533)